UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT SALINAS,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>IA LODGING SAN DIEGO, L.L.C.,<br>a Delaware limited liability company;<br>and DOES 1 –10,<br><br>　　　　　　　　　Defendants. | Case No.: 21-CV-495 JLS (BLM)<br><br>**ORDER: (1) VACATING HEARING; (2) GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND SUPPORTING REQUEST FOR JUDICIAL NOTICE; AND (3) DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE**<br><br>(ECF No. 5) |

Presently before the Court is Defendant IA Lodging San Diego, L.L.C.'s ("Defendant") Motion to Dismiss Plaintiff's Complaint ("Mot.," ECF No. 5), as well as Defendant's Request for Judicial Notice in support thereof ("RJN," ECF No. 5-3).  No opposition has been filed.  The Court finds this matter appropriate for decision without oral argument and therefore **VACATES** the hearing and takes the matter under submission pursuant to Civil Local Rule 7.1(d)(1).

　　　　The Ninth Circuit has held that, pursuant to a local rule, a district court summarily may grant an unopposed motion to dismiss.  *See generally Ghazali v. Moran*, 46 F.3d 52,

53 (9th Cir. 1995) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond). Here, a local rule allows the Court to grant the Motion. Civil Local Rule 7.1(f)(3)(c) provides: "If an opposing party fails to file [an opposition] in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Unless the Court orders otherwise, pursuant to Civil Local Rule 7.1(e)(2), an opposition must be filed 14 days prior to the noticed hearing. The hearing for the present Motion was set for April 29, 2021, at 1:30 p.m.; thus, any opposition was due on April 15, 2021.

In determining whether to dismiss an action, the court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor always weighs against dismissal). Therefore, the Court considers the substance of factors two, three, and five.

Here, the second factor weighs in favor of dismissal. The Court must manage its docket to ensure the efficient provision of justice. Plaintiff Gilbert Salinas had notice of the Motion and RJN yet failed to file a timely opposition. Plaintiff has not provided any excuse for his failure timely to file an opposition to the present Motion or the supporting RJN. The Court cannot continue waiting for Plaintiff to take action, and a case cannot move forward when the plaintiff fails to defend its case. Further, Plaintiff is represented by an attorney and nonetheless has failed to comply with the rules of procedure. *See Holt v. I.R.S.*, 231 Fed. App'x. 557, 558 (9th Cir. 2007) (holding court did not abuse its discretion in dismissing action for failure to file an opposition and rejecting plaintiff's

contention that the district court should have warned her of the consequences of failing to file an opposition).

As to the third factor, the Court finds no risk of prejudice to Defendant if it grants the present Motion. In fact, Defendant has requested the dismissal. Thus, this factor also weighs in favor of dismissal. As to the fifth factor, where the plaintiff does not oppose dismissal, it is "unnecessary for the Court to consider less drastic alternatives." *Rodriguez v. Nationstar Mortg. LLC*, No. 2:16–CV–5962–ODW(SK), 2016 WL 4581402, at *1 (C.D. Cal. Sept. 1, 2016). Thus, the *Ghazali* factors weigh in favor of granting Defendant's unopposed Motion. Moreover, courts within this District have granted unopposed requests for judicial notice pursuant to Civil Local Rule 7.1(f)(3)(c). *See, e.g.*, *Haddad v. Bank of Am., N.A.*, No. 12CV3010-WQH-JMA, 2014 WL 67646, at *1 n.1 (S.D. Cal. Jan. 8, 2014); *Tavares v. Nationstar Mortg. LLC*, No. 14CV216-WQH-NLS, 2014 WL 3502851, at *1 n.1 (S.D. Cal. July 14, 2014).

In light of the foregoing, the Court **GRANTS** the Motion and RJN (ECF No. 5). The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's first claim for violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*, and **DECLINES** to exercise supplemental jurisdiction over Plaintiff's second claim for violation of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51–53; accordingly the Court **DISMISSES** the Complaint **WITHOUT PREJUDICE**.

Although Defendant requests that the Court deny leave to amend, the Court finds dismissal with prejudice unduly harsh at this early stage in the proceedings. Thus, Plaintiff **MAY FILE** an amended complaint curing the deficiencies identified in Defendant's Motion <u>within fourteen (14) days</u> of the date on which this Order is electronically docketed. Should Plaintiff fail to file an amended pleading in accordance with this Order, the Court will enter a final order dismissing this civil action based on Plaintiff's failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix

/ / /

his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated:  April 22, 2021

                                      Hon. Janis L. Sammartino
                                      United States District Judge