UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| GILBERT SALINAS, | Case No.: 21-CV-495 JLS (BLM) |
|---|---|
| Plaintiff, | **ORDER REJECTING LATE-FILED OPPOSITION AND REAFFIRMING APRIL 22, 2021 ORDER** |
| v. | |
| IA LODGING SAN DIEGO, L.L.C., a Delaware limited liability company; and DOES 1 –10, | (ECF Nos. 7, 8) |
| Defendants. | |

On April 22, 2021, the Court granted Defendant IA Lodging San Diego, L.L.C.'s ("Defendant") Motion to Dismiss Plaintiff's Complaint ("Mot.," ECF No. 5) and Request for Judicial Notice in support thereof ("RJN," ECF No. 5-3) pursuant to Civil Local Rule 7.1(f)(3)(c). *See* ECF No. 8 (the "Order"). Also on April 22, 2021, Plaintiff Gilbert Salinas filed a late Opposition to the motion. *See* ECF No. 7 ("Opp'n"). In the accompanying Declaration of Zachary Best in Support of Plaintiff's Late Opposition to the Defense Motion to Dismiss the Complaint ("Best Decl.," ECF No. 7-1), Plaintiff's counsel indicates that the deadline to oppose "was miscalendared by our staff," and "[t]he first Plaintiff's counsel became aware of the tardy filing, was upon the filing today of a notice of non-opposition by the Defendant. Upon learning this, Plaintiff's counsel dropped everything and immediately began drafting the opposition." Best Decl. ¶ 1. Plaintiff's counsel

apologizes for the error. *See id.* The Best Declaration contains only one paragraph addressing the late filing.

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), "[w]hen an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." In assessing "excusable neglect," courts analyze the four *Pioneer* factors: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

While there is "[n]o rigid legal rule against late filings attributable to any particular type of negligence," *id.* at 860, in *Pioneer*, the Supreme Court recognized that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect," 507 U.S. at 392. And, in *Pincay*, the Ninth Circuit "recognize[d] that a lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered." 389 F.3d at 859. Ultimately, the weighing of the *Pioneer* factors is "entrusted to the discretion of the district court." *Pincay*, 389 F.3d at 859; *see also id.* at 860 ("[W]e leave the weighing of *Pioneer*'s equitable factors to the discretion of the district court in every case."). Although the Ninth Circuit in *Pincay* upheld the district court's finding of excusable neglect, it noted that, "[h]ad the district court declined to permit the filing of the notice, we would be hard pressed to find any rationale requiring us to reverse." *Id.* at 859.

As an initial matter, Plaintiff has not, in accordance with Rule 6(b)(1)(B), moved for an extension, instead simply filing his untimely Opposition. Even overlooking this deficiency, however, the Court finds the *Pioneer* factors weigh against accepting Plaintiff's late-filed Opposition. The first factor weighs against accepting the filing. Because of Plaintiff's late filing, Defendant's time to file a reply has lapsed; even overlooking that

issue, Defendant would have to expend resources drafting a reply it no longer anticipated needing to file and a motion to extend time. The second factor weighs in favor of accepting the filing, as the delay was only one week and the case has only been pending for slightly over one month.

However, the third factor weighs strongly against accepting the late Opposition. "[T]he stated reason for the delay is the factor considered to be the linchpin in deciding whether carelessness or neglect is excusable." *In re Pelle*, 571 B.R. 846, 853 (Bankr. C.D. Cal. 2017). As one district court noted, "[t]he moving party in *Pincay* offered detailed reasons for the mistakes and delay. Here, Plaintiff merely offers conclusory declarations without a detailed description of why counsel's [staff] made a mistake in calendaring." *Culpepper v. Merit*, No. CV 07-4377R, 2008 WL 11343360, at *1 (C.D. Cal. June 30, 2008). Plaintiff's counsel litigates frequently in this District, yet offers no concrete reason for missing a deadline set by a straightforward and unambiguous rule. *See* S.D. Cal. CivLR 7.1(e)(2). The calendaring of the deadline was also fully within Plaintiff's counsel's control.

The fourth factor weighs in favor of accepting the late-filed Opposition, as there is no indication that Plaintiff's counsel acted in bad faith. Finally, the Court notes that the Order's dismissal of Plaintiff's Complaint was without prejudice and granted Plaintiff leave to file an amended complaint. Thus, Plaintiff has not been prejudiced by the Court's Order, and the Court is hopeful that an amended complaint may narrow the issues in any future motion to dismiss filed by Defendant. Thus, on balance, the Court finds that the *Pioneer* factors weigh against accepting Plaintiff's late Opposition.

Accordingly, the Court **REJECTS** the Opposition (ECF No. 7) and **REAFFIRMS** its April 22, 2021 Order granting Defendant's Motion (ECF No. 8).

**IT IS SO ORDERED.**

Dated: April 23, 2021

Hon. Janis L. Sammartino
United States District Judge