UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT SALINAS,<br><br>                                    Plaintiff,<br><br>v.<br><br>IA LODGING SAN DIEGO, L.L.C.,<br><br>                                    Defendant. | Case No.: 21cv495-LL-BLM<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF No. 11]** |

This matter is before the Court on the Motion to Dismiss Plaintiff's First Amended Complaint, filed by Defendant IA Lodging of San Diego TRS, L.L.C. ("Defendant"). ECF No. 11. Plaintiff Gilbert Salinas ("Plaintiff") filed an opposition to the Motion [ECF No. 12], and Defendant filed its reply [ECF No. 14]. Upon review of the parties' submissions and the applicable law, the Court **GRANTS** the Motion to Dismiss for failure to state a claim upon which relief may be granted.

**I.     BACKGROUND**

Plaintiff has paraplegia and uses a wheelchair for mobility. ECF No. 10 ¶ 1. His condition makes it difficult or impossible to stand, walk, reach objects, transfer from his wheelchair to other equipment, and to maneuver around fixed objects. *Id.* ¶ 14. Defendant owns and operates the Andaz San Diego Hotel, located in San Diego, and the associated

website as found at https://www.hyatt.com/en-US-hotel/california/andaz-san-diego/sanas. *Id.* ¶¶ 13, 16, 17. On February 16, 2021, Plaintiff filed this action in the Superior Court of the State of California for the County of San Diego alleging that Defendant violated the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* (the "ADA") and the Unruh Civil Rights Act ("UCRA"), sections 51-53 of the California Civil Code, by failing to identify and describe the accessibility features of the Andaz San Diego Hotel with enough detail to reasonably permit individuals with disabilities to independently assess whether a given hotel or guest room would meet their accessibility needs. ECF No. 1-2. Defendant removed the action to this Court on March 19, 2021. ECF No. 1.

On April 22, 2021, the Court dismissed Plaintiff's complaint without prejudice for failure to respond to Defendant's motion to dismiss and granted Plaintiff leave to file an amended complaint curing the deficiencies identified in Defendant's motion. ECF No. 8. Plaintiff filed his first amended complaint on May 5, 2021. ECF No. 10 ("FAC").[1]

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss based on the Court's lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Plaintiff has the burden of establishing that this Court has subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Challenges to subject matter jurisdiction may be facial or factual. *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). Facial challenges assert that the allegations are insufficient to invoke federal jurisdiction, while factual challenges dispute the truth of legally sufficient allegations. *Id.* (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). In a facial challenge, the Court accepts a plaintiff's allegations as true and draws all reasonable inferences in their favor. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)) (noting that facial attacks are resolved using the same standard

---

[1] Although the FAC fails to comply with Civil Local Rule 15.1.c, the Court waives the applicability of the rule to decide this case on the merits without further delay.

as a Rule 12(b)(6) motion to dismiss). However, if a defendant brings a factual challenge, usually by introducing evidence outside the pleadings, the plaintiff must support their jurisdictional allegations with competent proof under the same evidentiary standard that governs summary judgment evidence. *Id.* (citations omitted).

If the Court has jurisdiction to address the merits, a complaint may be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). Nonetheless, courts are not required to "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). Courts may, but are not required, to consider extrinsic evidence in the context of a Rule 12(b)(6) motion to dismiss. *Davis v. HSBC Bank*, 691 F.3d 1152, 1159-60 (9th Cir. 2012) (collecting cases) (noting that documents may be incorporated by reference or taken under judicial notice).

### III.   DISCUSSION

Plaintiff's First Amended Complaint asserts two causes of action: (1) violation of the ADA, as described in 42 U.S.C. § 12182(b)(2)(A)(ii), for failure "to ensure that [Defendant's website] identified and described accessible features in the hotels and guest rooms in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets her needs" and "to ensure that

individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms," pursuant to 28 C.F.R. 36.302(e)(1)(i)-(ii) [ECF No. 10 ¶ 37], and (2) violation of the UCRA for failure to comply with the ADA [*id.* ¶ 40]. Plaintiff seeks injunctive relief compelling Defendants to comply with the ADA and UCRA, damages under the UCRA, attorneys' fees and costs, and equitable nominal damages. *Id.* at 11.

Defendant's Motion to Dismiss, brought under both Rule 12(b)(1) and 12(b)(6), argues that: (1) Plaintiff lacks standing to assert his ADA claim; (2) the First Amended Complaint fails to state a claim for violating the ADA; and (3) this Court should decline to exercise supplemental jurisdiction over Plaintiff's UCRA claim if it dismisses the ADA claim. Doc. 11-1. "The jurisdictional question of standing precedes, and does not require, analysis of the merits." *Equity Lifestyle Props., Inc. v. Cnty. of San Luis Obispo*, 548 F.3d 1184, 1189 n.10 (9th Cir. 2008). As such, the Court proceeds first with the standing inquiry.

### A.  Standing

To establish the minimum threshold of constitutional standing under Article III, the party invoking federal jurisdiction must set out a concrete, particularized, and actual or imminent harm traceable to the challenged conduct and redressable by the court. *TransUnion v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). The invoking party must prove standing "with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561. "[A]t the pleading stage, general factual allegations resulting from the defendant's conduct may suffice[.]" *Id.* The Court takes a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits 'are the primary method of obtaining compliance with the Act.'" *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008) (quoting *Trafficante v. Metro Life Ins. Co.*, 409 U.S. 205 209 (1972)). A plaintiff bringing a claim under the ADA can establish standing by demonstrating either deterrence or injury-in-fact coupled with an intent to return to a non-compliant facility. *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 944 (2011) (en

banc). Additionally, "to establish standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, [the plaintiff] must demonstrate a 'real and immediate threat of repeated injury' in the future." *Id.* at 946 (citing *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)).

Defendant asserts that Plaintiff lacks standing to bring his ADA claim for discrimination because (1) Plaintiff's allegation that the lack of information on Defendant's website deterred him from booking a room is not enough to establish Article III standing; (2) Plaintiff fails to allege facts demonstrating that he was injured by Defendant's alleged ADA violation; and (3) Plaintiff fails to allege facts demonstrating imminent injury or "that there is an actual ADA violation" on Defendant's premises. Doc. 11-1 at 15. Defendant's assertions are centered around the adequacy of Plaintiff's allegations; the Court takes this as a facial challenge to Article III standing.

Under the deterrent effect doctrine, a disabled individual who alleges that they are currently deterred from patronizing a public accommodation due to a defendant's noncompliance with the ADA has sufficiently stated a concrete and particularized harm. *Pickern v. Holiday Quality Foods*, 293 F.3d 1133, 1137-38 (9th Cir. 2002). An expressed intent to visit the accommodation once the ADA violation is cured renders the injury actual or imminent. *Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Trust*, 867 F.3d 1093, 1099 (9th Cir. 2017) (citing *Lujan*, 504 U.S. at 560). A plaintiff's motivation to return is irrelevant to the court's analysis of standing. *Id.* at 1102. Furthermore, the injury under the ADA continues "so long as the discriminatory conditions continue, and so long as a plaintiff is aware of them and remains deterred[.]" *Pickern*, 293 F.3d at 1137.

Plaintiff alleges that he is deterred from patronizing Defendant's hotel due to the lack of detailed accessibility information on its reservation website, that he intends to travel to the area on a regular and ongoing basis, and that he intends to patronize Defendant's hotel once it has been represented to him that the alleged ADA violations have been cured. Doc. 10 ¶¶ 28-33. Plaintiff's allegations of injury are sufficient to support Article III standing under the deterrent effect doctrine. The court presumes, on a motion to dismiss,

that Plaintiff's general allegations "embrace those specific facts that are necessary to support the claim." *See Lujan*, 504 U.S. at 561 (quotation omitted). Defendant does not contest that the alleged injury would be fairly traceable to it, nor that the Court could grant relief that would redress the alleged injury. Therefore, the Court finds that Plaintiff has facially established standing for his ADA claim.

Defendant's facial challenge to standing is encompassed by its larger factual challenge to the plausibility of Plaintiff's claim. ECF No. 11-1 at 10 ("Plaintiff does not allege . . . that there is an actual violation at the hotel."). However, where the jurisdictional and substantive issues are intertwined because a statute provides both the basis for subject matter jurisdiction and the substantive claim for relief, jurisdictional fact finding is inappropriate. *See Safe Air*, 373 F.3d at 1039-40; *accord Acevedo v. C & S Plaza LLC*, 2021 U.S. App. LEXIS 31839, at *3-4 (9th Cir. Oct. 22, 2021) (applying this principle in the ADA context). Accordingly, the Court proceeds to Defendant's Rule 12(b)(6) arguments. *Thornhill Publ'g. Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 734 (9th Cir. 1979) (an issue going to both jurisdiction and the merits of the claim should be analyzed under Rule 12(b)(6) or summary judgment rather than Rule 12(b)(1)).

### B.   ADA Reservations Rule

Title III of the ADA prohibits discrimination on the basis of disability in places of public accommodation. 42 U.S.C. § 12181 *et seq.* Discrimination under Title III includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities[.]" 42 U.S.C. § 12182(b)(2)(A)(ii). To state a claim for discrimination under Title III, a plaintiff must show that they are (1) disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of their disability. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). The parties do not appear to dispute that Plaintiff is disabled within the meaning of the ADA or that Defendant is a

private entity that owns, leases, or operates a place of public accommodation. The sole dispute is whether Plaintiff was denied a public accommodation because of his disability.

At issue in this case is the "Reservations Rule," a federal regulation implementing § 12182(b)(2)(A)(ii), which dictates that hotels must "identify and describe accessible features . . . in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." 28 C.F.R. § 36.302(e)(1)(ii). In 2010, the United States Department of Justice ("DOJ") provided guidance on the Reservations Rule, published in an appendix to the Code of Federal Regulations. 28 C.F.R. pt. 36, app. A ("DOJ Guidance"). The DOJ's interpretation of the ADA implementing regulations is entitled to controlling weight unless it is plainly erroneous or inconsistent with the regulations. *Fortyune v. City of Lomita*, 766 F.3d 1098, 1104 (9th Cir. 2014) (citing *Miller v. Cal. Speedway Corp.*, 536 F.3d 1020, 1028 (9th Cir. 2008)).

In relevant part, the DOJ Guidance notes that, while "a reservations system is not intended to be an accessibility survey," for hotels built in compliance with the 1991 Standards[2] "it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (*e.g.*, deluxe executive suite), the type of accessible bathing facility (*e.g.*, roll-in shower), and communications features available in the room (*e.g.*, alarms and visual notifications devices)." 28 C.F.R. pt. 36, app. A. The DOJ Guidance also sets out less stringent standards for older buildings, stating that information about older hotels "should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms" and "provide information about important features that do not comply with the 1991 Standards" *Id.* The

---

[2] "The term '1991 Standards' refers to the ADA Standards for Accessible Design, originally published on July 26, 1991, and republished as Appendix D to 28 CFR part 36." 28 CFR pt. 36, app. A. subpart. A.

guidance also observes that it "cannot specify what information must be included in every instance" due to the "wide variations in the level of accessibility that travelers will encounter," and provides that "trained staff (including staff located on-site at the hotel and staff located off-site at a reservations center) should be available to provide additional information such as the specific layout of the room and bathroom, shower design, grab-bar locations, and other amenities available (*e.g.*, bathtub bench)." *Id.*

Plaintiff argues that in order to comply with the DOJ Guidance, Defendant's website must provide more detail than to identify rooms or features as "accessible" or "lowered." ECF No. 12 at 7-9. Plaintiff asserts that Defendant's website fails to meet the requirements of the Reservations Rule because it fails to identify and describe the hotel's core accessibility features with sufficient specificity for Plaintiff to make an independent assessment about whether a given room would meet his needs. Plaintiff states that there is no information about: whether the roll-in shower has an in-shower seat or grab bars mounted above the seat for transfer [Doc. 10 ¶ 19], the accessibility of sinks [*id.* ¶ 20], specific measurements of lowered features [*id.* ¶ 21], the accessibility of tables or desks [*id.* ¶ 22], the accessibility of restaurants [*id.* ¶ 23], and the accessibility of travel paths in a room [*id.* ¶ 24].

Defendant's Motion to Dismiss contends that neither the Reservations Rule nor the DOJ Guidance require the level of specificity demanded by Plaintiff. ECF No. 11-1 at 5-9. Defendant asserts that its website conforms to the standards for hotels built in compliance with the 1991 Standards as identified in the DOJ Guidance. Together with its Motion to Dismiss, Defendant appended a request for judicial notice of documents, including captures of its website, dated on March 26, 2021, orders filed in similar cases, filings by Plaintiff in other cases, and database search results for Plaintiff's name and for Plaintiff's counsel's names. ECF No. 11-3. Given that Plaintiff does not object to their inclusion or dispute the authenticity of Defendant's website captures [ECF No. 12 at 7], that his ADA claim depends on the contents of Defendant's website, and that the website's contents are alleged in the FAC, the Court incorporates Defendant's website captures [ECF No. 11-3 at 19-39,

"Exs. 2-3"] as part of Plaintiff's FAC. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (webpages attached to a motion to dismiss may be incorporated by reference).[3] Unlike judicially noticed facts, the Court treats the contents of the incorporated website as true for the purposes of a Rule 12(b)(6) motion to dismiss. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018).

In a recently published decision, the Ninth Circuit affirmed the dismissal of a plaintiff's ADA claim in substantially identical circumstances as those present in the instant case. *See Love v. Marriot Hotel Servs.*, No. 21-15458, 2022 U.S. App. LEXIS 20267 (9th Cir. July 22, 2022). The court in *Love* determined that the Reservations Rule was genuinely ambiguous and that the DOJ Guidance should be afforded controlling weight after assessing both the character and context of the guidance. *Id.* at *10. The court also found that the defendant hotel's website met the requirements of the Reservations Rule where it followed the plain text of the DOJ Guidance without further additional detail, noting that "accessible" functions as a term of art that signals compliance with the ADA standards and its implementing regulations. *Id.* at *12-13.

As in *Love*, this Court finds that Defendant's website meets the requirements of the Reservations Rule, under the 1991 Standards, as interpreted by the DOJ Guidance. The website describes the hotel as accessible. ECF No. 11-3 at 24. The "Amenities" page lists, under the "ADA" subheading, various accessibility features: emergency strobe light and smoke detector, cordless phone, close-captioned TV, wide doors, lowered closet, entryway, and bathroom features, and accessible bathroom with grab bars and raised toilet seat. *Id.* at 21. For each accessible room, the website describes the general type of room as well as the size and number of beds: "1 King Bed ADA Shower" [*id.* at 34] and "2 Double Beds ADA Shower" [*id.* at 35]. Both room descriptions also include the type of bathing facility, noting that the room is equipped with a "roll-in shower." *Id.* at 34-35. The accessible room

---

[3] The Court declines to take judicial notice as to the remaining exhibits requested by Defendant because they were not used in this analysis.

descriptions also specify the communications features of each room by noting that "[e]mergency strobe light and strobe light smoke detector" and "cordless phone" are included amenities. *Id.* They further note that the rooms include a "46″ flat-screen TV with closed-captioning" and "[a]ccessible bathroom with grab bars and raised toilet seat." *Id.*

Furthermore, the Court finds that Defendant's website meets the standards for older hotels. The website's "Hotel Accessibility Features" page includes a list of "Hotel Areas with Accessible Routes from Accessible Public Entrance," which include restaurants, the registration area, fitness center, guest rooms, the business center, meeting room, and swimming pool. ECF No. 11-3 at 24. The website also specifies that accessible guest rooms have doorways with thirty-two inches of clear width, and that guest and meeting rooms have text telephones, and closed caption or close captioning decoders for televisions. *Id.* The Court notes that the 1991 Standards define "accessible" as "[d]escrib[ing] a site, building, facility, or portion thereof that complies with [the 1991 Standards]." 28 C.F.R. pt. 36 app. D.

Accordingly, the Court finds that Plaintiff has failed to state a plausible claim that Defendant violated the ADA by failing to provide the information required by the Reservations Rule and specified by the DOJ Guidance. As such, Plaintiff's ADA claim fails. The Court **GRANTS** Defendant's Motion to Dismiss as to Plaintiff's ADA claim.

### C. State Claim Under the UCRA

As this Court has dismissed Plaintiff's ADA claim, Plaintiff no longer possesses sufficient facts to allege a plausible predicate violation of the Unruh Act. ECF No. 10 ¶ 40. No part of Plaintiff's allegations indicates that there is a violation of the UCRA independent of the ADA. *Id.* ¶¶ 38-41. Furthermore, because the Court has dismissed all claims over which it has original jurisdiction, it declines to exercise supplemental jurisdiction over Plaintiff's UCRA claim. 28 U.S.C. § 1367(c)(3); *see San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998) (A district court can decline jurisdiction under any of the four provisions of 28 U.S.C. § 1367(c)). The Court further notes that the prior order dismissing Plaintiff's complaint declined to exercise supplemental

jurisdiction over Plaintiff's UCRA claim. Accordingly, Plaintiff's UCRA claim is **DISMISSED WITHOUT PREJUDICE** to refiling in state court.

### D. Leave to Amend

Plaintiff requests that the Court grant him leave to amend his Complaint if the Motion to Dismiss is granted. ECF No. 12 at 23. Although requests for leave to amend are generally granted with "extreme liberality," the Court considers the factors laid out in *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020). The Court notes that Plaintiff failed to cure deficiencies by prior amendment and finds that Plaintiff's complaint could not be saved by amendment. *See Parents for Privacy v. Barr*, 949 F.3d 1210, 1239 (9th Cir. 2020) (Holding that amendment would be futile where no showing was made that "any new factual allegations could alter [the court's] conclusions based on settled precedent[.]"). Accordingly, Plaintiff's request for leave to amend is **DENIED**.

### IV. CONCLUSION

In accordance with the above, the Court **ORDERS** as follows:

1. Defendant's Motion to Dismiss the FAC [ECF No. 11] is **GRANTED**. Plaintiff's ADA claim is **DISMISSED WITH PREJUDICE**. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiff's UCRA claim, and it is **DISMISSED WITHOUT PREJUDICE** to refiling in state court.

2. The Court **DENIES** leave to amend the FAC, as it finds that further amendment would be futile.

3. Plaintiff's request for a stay is **DENIED AS MOOT** in light of this dismissal.

4. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED**.

Dated: August 8, 2022

Honorable Linda Lopez
United States District Judge